CARMEN NÚÑEZ DE RIVERA, Plaintiff and Appellee, *v.* HENRY RUGA, Defendant and Appellant.

No. 3722.  Argued January 22, 1926.—Decided March 18, 1926.

*Miguel Bahamonde* for the appellant.  *Arturo Ortiz Toro* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the complaint in this case it was alleged that by false

and fraudulent representations made by his agent, Rafael Hernández, the defendant contracted with the attorney for the plaintiff to pay her the sum of $200 in consideration that she withdraw an action that she had brought in the District Court of Ponce under number 11702 against this defendant. Then it was alleged that for that reason she withdrew the said action, after which the defendant's agent said that he could not pay immediately, but that he had received a telegram from his principal saying that he would be in Ponce on a certain date; that the principal not only did not arrive there on the date indicated, but telegraphed again that he was not disposed to pay the $200 unless he sold the house involved in the former action and that a purchaser for the house should be sought. It was alleged also that the defendant had not paid the said amount.

In the second cause of action the foregoing allegations were repeated and it was alleged also that the plaintiff had made various plans which she has not been able to carry out because of the false and fraudulent statements of the defendant, through his agent, which deceived the plaintiff and her attorney, causing her profound moral suffering and nervous prostration, and that the plaintiff was confined to her bed as a consequence of such illegal acts of the defendant; and that by reason of the false and fraudulent statements of the defendant the plaintiff had suffered damages estimated at $1,000. On those allegations she prayed for a judgment for $200 and an indemnity of $1,000.

The judgment rendered in this case sustained the complaint only as to the first cause of action and ordered the defendant to pay the $200 claimed and the costs, from which judgment the defendant took the present appeal.

The defendant pleaded in the trial court that the second cause of action did not state facts sufficient to support the prayer and that therefore the district court had no jurisdiction of the first cause of action because it involved an amount of $200, this being the first ground of appeal.

From the allegations of the complaint it may be seen that the first and principal cause of action was based on the ground that by false and fraudulent representations the defendant reached an agreement to pay to the plaintiff the sum of $200 if she would withdraw another suit, as she did, but the allegation of fraud did not set up the facts as they had occurred such as to convince the court that there was fraud; but at any rate it matters little whether or not there was fraud in the alleged contract, for the plaintiff admitted the agreement by demanding its performance. Therefore the plaintiff can not recover on her second cause of action for the reason that in suing for the $200 she can not claim indemnity for non-performance of the contract except legal interest on that amount under section 1075 of the Civil Code as follows: ''Should the obligation consist in the payment of a sum of money, and the debtor should be in default, the indemnity for losses and damages, should there not be a stipulation to the contrary, shall consist in the payment of the interest agreed upon, and should there be no agreement, in that of the legal interest.'' As fraud was not well pleaded and the claim for payment was not based thereon, as we have said, section 1074 of the Civil Code is not applicable in its provision that ''In case of fraud, the debtor shall be liable for all those which clearly may originate from the nonfulfillment of the obligation.'' On the other hand, the allegation in the second cause of action that the plaintiff has not been able to carry out various plans and that she has undergone profound moral suffering and nervous prostration to such extent that she had to lie in bed as a consequence of the false and fraudulent statements of the defendant made prior to the agreement whose performance is sued for, are damages so remote and fortuitous that a judgment could not be based on them, for which reason the second cause of action does not state sufficient facts.

█ This being the case, and the second cause of action having to be discarded from the complaint for the reason stated, there remains only to be considered the first cause of action for the recovery of $200 and interest, of which the district court had no jurisdiction because the claim does not amount to $500, up to which jurisdiction corresponds to the municipal courts under section 4 of the Judiciary Act of March, 1904 (Comp. sec. 1148). *Hernández Mena* v. *Blanco*, 22 P.R.R. 719; *González* v. *Rosado*, 23 P.R.R. 1, and *Delgado* v. *Trujillo*, 24 P.R.R. 456.

In view of the foregoing the judgment appealed from must be reversed and another rendered declaring that the second cause of action does not state sufficient facts and that the District Court of Ponce had no jurisdiction to consider the first cause of action, without special imposition of costs.